UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CR-20576-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN O. LORA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Edwin O. Lora's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 37], and the Government's Opposition, [ECF No. 40]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is denied.

## BACKGROUND

Defendant Edwin O. Lora ("Defendant") is currently incarcerated at the United States Penitentiary Victorville, California. Defendant pled guilty to (1) brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and (2) carjacking, in violation of 18 U.S.C. § 2119(1). [ECF No. 20]. On February 26, 2020, United States District Judge Marcia G. Cooke sentenced Defendant to a 141-month term of imprisonment and a 3-year term of supervised release. [ECF No. 28]. Defendant has served approximately half of his 141-month term of imprisonment.

On July 3, 2024, Defendant filed a compassionate release request with the Warden at USP Pollock. [ECF No. 37]. On August 1, 2024, Defendant filed a follow-up request for compassionate release. *Id*. Defendant has not received a response from the Warden. *Id*. Defendant now asks the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant argues that (1) changes in the law and (2) Defendant's unusually long sentence constitute extraordinary and compelling reasons for granting the Motion. [ECF No. 37].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). If the Defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). Courts must also find that the Defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(a)(2) (U.S. Sentencing Comm'n 2023).

Thus, to grant the Motions, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or

the community. The Defendant bears the burden of establishing that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

It is undisputed that Defendant has exhausted his administrative remedies prior to filing the Motion. The Government argues that the Motion should be denied because (1) Defendant is ineligible for relief under § 3582(c)(1)(A); (2) the § 3553(a) factors weigh against a sentence reduction; and (3) Defendant is a danger to others. [ECF No. 40]. The Court agrees.

### A. Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

Defendant's convictions in this case are based on his participation in two carjackings. [PSR ¶¶ 8–17]. During the first carjacking, Defendant pointed a semi-automatic handgun with an extended magazine at the driver and demanded the driver's keys. [PSR ¶¶ 8, 9]. During the second carjacking, Defendant pointed a semi-automatic handgun at the driver and the driver's 9-year-old daughter. *Id.* at ¶ 12. Given the severity of his crimes, a compassionate release would not reflect

the seriousness of the offenses, act as a deterrence, or promote respect for the law. Accordingly, based on the Section 3553(a) factors, compassionate release is not warranted.[1]

### B. Extraordinary and Compelling Reasons

Additionally, Defendant fails to present extraordinary and compelling reasons for reducing his sentence.

#### 1. Changes in Law

Defendant asks this Court to find that intervening changes in the law constitute extraordinary and compelling reasons for his release, citing to *U.S. v. Taylor*, 596 U.S. 845 (2022), *U.S. v. Davis*, 588 U.S. 445 (2019), and Amendment 821 to the United States Sentencing Guidelines. [ECF No. 37]. However, the cited cases and amendment are not applicable to Defendant's convictions and, therefore, cannot afford Defendant relief.

In *Taylor*, the Supreme Court held that a defendant can only be convicted under § 924(c) if he "use[d] a firearm in connection with a crime of violence[,]" and that attempted Hobbs Act robbery does not qualify as a crime of violence. *See* 596 U.S. at 848, 860 (internal quotations omitted). In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See* 588 U.S. at 470. Here, Defendant pled guilty to brandishing a firearm in furtherance of a crime of violence, in violation of § 924(c)(1)(A)(ii), not attempted Hobbs Act robbery. [ECF No. 28]. Consequently, neither *Taylor* nor *Davis* represents an intervening change in the law applicable to Defendant's convictions. Therefore, these cases do not afford Defendant relief.

"Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point[.]" *U.S. v. Solis Benavides*, No. 8:17-CR-203-WFJ-CPT, 2025

---

[1] Defendant also seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [ECF No. 37]. A reduction in sentence under § 3582(c)(2) requires the Court to first consider the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2). Given that the Court has already determined that the Section 3553(a) factors do not support the release of Defendant, the Court also finds that the same factors render Defendant ineligible for a sentence reduction under § 3582(c)(2).

WL 917506, at *1 (M.D. Fla. Mar. 26, 2025). However, Amendment 821 "is not available to offenders who possessed a [firearm] in connection with the offense of conviction." *U.S. v. DeLoach*, No. CR 499-133-3, 2025 WL 711965, at *2 (S.D. Ga. Mar. 5, 2025). Given that Defendant pled guilty to brandishing a firearm in furtherance of a crime of violence, Defendant is not eligible for relief under Amendment 821 to the United States Sentencing Guidelines. [ECF No. 28]. In light of the foregoing, the Court cannot grant Defendant's compassionate release based on an intervening change in the law.

### 2. Unusually Long Sentence

Defendant also asserts that his 141-month sentence is unusually long, constituting an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b)(6). That Guideline provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Therefore, Defendants must have served a minimum of ten years of a usually long sentence and demonstrate that there has been a change in the law, to satisfy this provision. Defendant has only served approximately 7 years of his sentence; thus, Defendant has not satisfied this provision. Additionally, there have been no changes to § 924(c)(1)(A)(ii) (Count 2) or § 2119(1) (Count 3) since 2020 that would warrant any disparities in Defendant's sentence.

### C. Danger to the Community

The Court also finds that Defendant is a danger to the safety of other persons and to the community. In making this determination, the Court considered (1) "the nature and circumstances

5

of the offense charged"; (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics" of Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Defendant's convictions in this case are based on his participation in two carjackings where Defendant pointed his gun at multiple victims. [PSR ¶¶ 8–17]. Furthermore, the Government notes that Defendant's disciplinary record while incarcerated has been less than exemplary, including sanctions for assault, possession of a dangerous weapon, possession of a hazardous tool, and drug possession. [ECF Nos. 40, 40-1]; *see also U.S. v. Williams*, No. 3:04CR95/MCR, 2020 WL 1751545, at *3 (N.D. Fla. Apr. 1, 2020) (noting that prison records are "factors which are now a part of [Defendant's] history and characteristics."). Based on this record, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Edwin O. Lora's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), [ECF No. 37], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this **Thursday, September 04, 2025.**

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE